Filed 10/16/15  P. v. Bourbon CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RONNIE PAUL BOURBON,<br><br>    Defendant and Appellant. | F069263<br><br>(Super. Ct. Nos. CRL003096, CRL004235, CRL009116, CRL011115)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Harry L. Jacobs, Judge.

Richard L. Fitzer, under appointment by the Court of Appeal, for Plaintiff and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Detjen, Acting P.J., Franson, J. and Smith, J.

In case No. CRL003096, appellant Ronnie Paul Bourbon pled no contest to receiving stolen property (Pen. Code, § 496, subd. (a))**1** and admitted a prior prison term enhancement (§ 667.5, subd. (b)). In case Nos. CRL009116 and CRL004235 he pled no contest in each case to a count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). In case No. CRL011115 Bourbon pled no contest to felony failure to appear (§ 1320.5). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

On May 6, 2010, an employee reported that approximately $1,300 worth of brass sprinklers and a basket were taken from a Merced County maintenance yard. Later that day, Bourbon, a former county employee who had recently been fired, recycled loads of 26 pounds and 55 pounds of brass sprinklers at A & S Metals.

On May 17, 2010, the district attorney filed a complaint in case No. CRL003096 charging Bourbon with grand theft (count 1) and receiving stolen property (count 2) and a prior prison term enhancement.

On February 13, 2013, Bourbon entered into a plea agreement in case Nos. CRL003096, CRL009116, and CRL004235. In case No. CRL003096 Bourbon pled no contest to receiving stolen property and admitted the prior prison term enhancement in exchange for the dismissal of the remaining count and an indicated, aggregate sentence of four years in that case, a three-year term on the substantive offense and a one-year prior prison term enhancement. Per the agreement, Bourbon would spend one year in local custody and three years on community parole. Bourbon also pled no contest to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) in case No. CRL009116 and to another count of possession of methamphetamine in case No. CRL004235. The plea agreement also provided that the remaining allegations in

---

**1**　　All further statutory references are to the Penal Code, unless otherwise indicated.

case No. CRL004235 and two unrelated misdemeanor cases would be dismissed, the court would impose the aggravated term of three years on each possession of methamphetamine conviction concurrent to the term imposed in case No. CRL003096, and that Bourbon would be released on his own recognizance until his sentencing hearing.

On April 26, 2013, Bourbon failed to appear for his sentencing hearing and a bench warrant issued for his arrest.

On December 26, 2013, Bourbon appeared in court and the warrant was recalled.

On February 28, 2014, in case No. CRL011115 Bourbon pled no contest to felony failure to appear (§ 1320.5) in exchange for a consecutive eight-month term that would be added on to the aggregate four-year term he received in the other three cases. After Bourbon waived time for sentencing and a probation report, the court sentenced him, per his plea agreements, to an aggregate term of four years eight months.

On April 17, 2014, Bourbon filed an appeal in this matter. On April 21, 2014, the court issued him a certificate of probable cause.

Bourbon's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Bourbon has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.